**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-829C
(Filed: July 6, 2017)

**FILED**
JUL - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DEREK N. JARVIS, | ) |
| *Pro Se* Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER OF DISMISSAL

Plaintiff Derek N. Jarvis filed this complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, "for Injunctive and other appropriate relief, and seeking the disclosure and release of agency record(s) improperly withheld from [plaintiff] by Defendant Rod J. Rosenstein, Maryland U.S. Attorney, and Clerk of the U.S. District Court of Maryland . . . ." Compl. ¶ 1 (Docket No. 1). Mr. Jarvis asserts that he submitted a FOIA request to the Maryland United States Attorney's Office on November 7, 2016 for all records "related to and pertaining to Derek N. Jarvis," *id.* at ¶ 3, but has not been provided with any records. Mr. Jarvis asks this court to order the United States Attorney's office to release the requested records.

Under Rule of the Court of Federal Claims 12(h)(3), the court must dismiss a complaint if it "determines at any time that it lacks subject-matter jurisdiction." Under the Tucker Act, this court has jurisdiction over claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1). However, the Tucker Act "does not create any substantive right of action against the United States. *Frazier v. United States*, No. 2017-1326, 2017 WL 1279382, at *1 (Fed. Cir. Apr. 6, 2017) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, a plaintiff "must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a

7017 1450 0000 1346 0256

substantive right to money damages." *Id.* (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

Mr. Jarvis's complaint only identifies FOIA as the basis for his claim. It is well established that this court lacks jurisdiction over FOIA claims because FOIA "does not contain money mandating provisions." *Id.* at *2, *see also Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007); *Bernard v. United States*, 59 Fed. Cl. 497, 503, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) ("Th[is] court does not have jurisdiction over FOIA claims.").

Consequently, even under the less stringent pleading standards applicable to pro se litigants, Mr. Jarvis has failed to establish jurisdiction. *See Wilson v. United States*, 404 F. App'x 499, 500 (Fed. Cir. 2010) (["L]enient pleading standards cannot forgive a failure to state a claim that falls within the court's jurisdiction.") (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)). Plaintiff's complaint is therefore **DISMISSED**.[1] The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Senior Judge

---

[1] Mr. Jarvis's motion to proceed *in forma pauperis* (Docket No. 4) is **DENIED AS MOOT**.